# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TODD JEUDE, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 1:22-CV-151-SNLJ ) |
| STE. GENEVIEVE MEMORIAL HOSPITAL, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's letter to the undersigned, dated November 29, 2022, requesting an order to prevent prison officials from transferring him to a different institution. ECF No. 9. Also, before the Court is a "Motion to Appoint Law Student Assistance," ECF No. 11, and three requests for subpoenas, ECF Nos. 6, 7, 10. For the following reasons, plaintiff's requests will be denied.

### I. Request to Prevent Transfer

Plaintiff submitted a letter to the Court stating he has "medical and legal issues" pending at Ste. Genevieve Detention Center and has "been notified through 'inuindo' [sic] that people get 'transferred' to hinder medical treatment, and when pre-trial detainees get transferred, their property (legal work product) gets lost or is not allowed to transfer, and medical issues get placed on hold, etc." ECF No. 9 at 1. Consequently, plaintiff asks for "pre-emptive action" to "al[l]eviate this possible problem" and requests "some sort of 'stay' or 'do not transfer' order."

A prisoner "enjoys no constitutional right to remain in a particular institution," *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985), and prison officials generally may "transfer a prisoner for whatever reason or for no reason at all." *Olim v. Wakinekona*, 461

U.S. 238, 250 (1983). Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). "Transfer within the prison, or to another prison, is within the discretion of prison officials." *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984) (internal citations omitted).

Although a prisoner cannot be transferred in retaliation for the exercise of a constitutional right, plaintiff does not allege that here. *See Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993). Plaintiff does not claim that he has received a transfer notice, has been transferred, or has been threatened with a transfer for a retaliatory reason. To the contrary, he merely states he trying to prevent a future transfer so he does not potentially lose his legal paperwork or receive a delay in medical treatment. Plaintiff's fears are mere conjecture. Because plaintiff does not have a constitutional liberty interest in choosing the facility in which he is housed, his motion to prevent a future transfer will be denied.

**II. Motion for Appointment of Counsel**

Plaintiff filed a "Motion to Appoint Law Student Assistance," which the Court construes as a motion for appointment of counsel.[1] ECF No. 11. Plaintiff requests counsel because he has limited law library access, poor handwriting, rudimentary knowledge of the law, and predicts that "discovery is sure to be a nightmare without 'outside' assistance."

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*,

---

[1] The Court notes that E.D. Mo. Local Rule 12.05 allows a judge to "authorize the participation of a law student certified under Missouri Supreme Court Rule 13 to assist in the preparation and presentation of a civil or criminal case," however, the "law student shall be supervised by an attorney of record." Here, plaintiff's request does not comply with the Court's Local Rules because plaintiff is proceeding *pro se*. In other words, there is no attorney of record to supervise a law student.

146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds the appointment of counsel is unwarranted at this time. On November 14, 2022, the Court granted plaintiff's motion to proceed *in forma pauperis* and directed the Clerk of Court to issue process or cause process to issue on the complaint as to the sole defendant Ste. Genevieve Memorial Hospital. ECF No. 14. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. Summons has been issued to the defendant. *See* ECF No. 8. Defendant has yet to file a responsive pleading, and the time for doing so had not yet passed. Defendant's responsive pleading is due on December 19, 2022. Thus, the Court will deny plaintiff's motion for appointment of counsel but will entertain future motions for appointment of counsel as the case progresses.

**III. Requests for Subpoenas from Third Parties**

Plaintiff sent a letter, dated November 8, 2022, requesting the Clerk of Court to send him five blank "subpoena (duces tecum/document forms)" and a copy of the Eastern District of Missouri Local Rules. ECF No. 6. The Clerk provided plaintiff a copy of the Local Rules. Plaintiff

sent a second letter, dated November 11, 2022, requesting the Clerk of Court to send him six "subpoenas for documents and or interrogatory or deposition." ECF No. 7. Plaintiff sent a third letter, dated November 28, 2022, requesting the Clerk for the following:

    1. Duces Tecum for:
        A. Ste. Genevieve County Jail Records
        'Major J. Schott'
            1. Offender to Staff requests on my file kiosk – electronic
            2. Medical records in the jail[']s possession
            3. Complaint filed on Ste. Gen. Mem. Hosp. on my behalf by detention center
        B. St. Clare Hospital Medical Records - to establish my pre-existing condition. E.R. visit and images for 7-4-22
        C. St. Louis City Justice Center – Medical records from 7-6-22 through present – to support existing condition. Corizon LLC. Dr. Brenda Mallard.

    2. Subpoena for: "Deposition by written question" – to support incident in the hospital E.R. Main EMTALA Complaint.
        A. Deputy Crocker Ste. Genevieve Co. Jail.
        B. Cpt. Sanzaterra Ste. Genevieve Co. Jail.
        C. D.O.N. Nurse Melissa at Ste. Genevieve Co. Jail.
        D. Dr. Shayne Keddy - Ste. Genevieve Det. Ctr.

ECF No. 10.

The Court finds that plaintiff's attempt to engage in discovery is premature at this stage of the litigation as defendant has yet to file a responsive pleading in this matter, and the Court has yet to enter a Case Management Order to establish discovery deadlines. *See Potter v. Echele*, Case No. 4:18-CV-148 CDP, 2018 WL 3861357, at *3 (E.D. Mo. Aug. 14, 2018) ("discovery in prisoner cases may not take place until the Court enters a case management order") (citing E.D. Mo. L.R. 5.01, 5.04). Any requests for the production of documents or written interrogatories must be made within the confines of the Case Management Order.

Additionally, the Court notes it has discretion whether to grant or deny subpoenas for

4

indigent parties. *Williams v. Carter*, 10 F.3d 563, 566 (8th Cir. 1993). "This power should be exercised to protect the resources of the Court and the Marshal Service, and to prevent harassment and undue expense of other parties and non-parties." *Stockdale v. Stockdale*, 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009). Courts generally "consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." *Id.* The Court may deny a request for a subpoena if it is frivolous, immaterial or unnecessary, unduly burdensome, would result in costs the indigent cannot provide, or is otherwise unreasonable. *Id.* Additionally, although plaintiff has been granted *in forma pauperis* status under 28 U.S.C. § 1915, nothing in the statute authorizes or permits the Court to waive the expense requirements of Federal Rule of Civil Procedure 45. *See generally McNeil v. Lowney,* 831 F.2d 1368, 1373 (7th Cir. 1987); *Badman v. Stark,* 139 F.R.D. 601, 605-06 (M.D. Pa. 1991); *Leadbetter v. City of Fort Wayne,* 2007 WL 2323109, at *2 n. 2 (N.D. Ind. Aug. 10, 2007) (citing cases).

The Eastern District of Missouri Local Rules govern the issuance of subpoenas in actions involving self-represented litigants. Local Rule 2.06(C) provides that self-represented litigants like plaintiff must file a written request for the issuance of any witness subpoenas. The request must set forth the name and address of each witness for whom the subpoena is sought, along with a brief summary of the substance of each witness's anticipated testimony.

Thus, to the extent plaintiff is seeking Court assistance in issuing subpoenas according to his November 28, 2022 letter, such a request will be denied. Plaintiff has not provided the addresses of the witnesses, nor has he provided a summary of their anticipated testimony. Although plaintiff explains he seeks to depose the employees of the Jail "to support incident in the hospital,"

this brief description does not provide sufficient information for the Court to determine the relevance and materiality of the information requested or the necessity of the testimony to plaintiff's case. As such, the Court will deny plaintiff's requests without prejudice.

**Plaintiff may refile his requests with the required information *after* defendant files its responsive pleading and the Court issues a Case Management Order. However, the Court notes that should plaintiff be allowed to proceed under Rule 45, he will be required to tender the fees for one day's attendance and the mileage allowed by law to the witnesses**. Statutory witness fees are set out in 28 U.S.C. § 1821(b)(c). Plaintiff must submit his request using the proper form for subpoenas *duces tecum*. The Court will direct the Clerk to enclose the forms with this Order.

Should plaintiff choose to refile his requests after a Case Management Order is issued, he should complete the appropriate subpoena forms and return them to the Court along with a Memorandum for Clerk requesting that the subpoena be served by the U.S. Marshal. The Memorandum for Clerk should include the following information: (1) the name of the person or entity plaintiff seeks to serve; (2) the specific document or testimony plaintiff seeks; (3) how the specified document or testimony is relevant to his case; (4) why plaintiff believes the person or entity to be subpoenaed has possession of the documents or relevant information for a deposition; and (5) how plaintiff will provide the necessary costs of issuing such subpoenas. The Court retains the discretion to refuse to issue Rule 45 subpoenas to non-parties if plaintiff does not provide the required information in the Memorandum for Clerk, or if the Court believes the requests are frivolous or otherwise improper. *See Bell v. Jefferson Cnty. Sheriff Dep't*, 2022 WL 4016379, at *2 (E.D. Mo. Sept. 2, 2022) (providing the above instructions to *pro se* plaintiff seeking the

issuance of subpoenas).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's letter to the Court, dated November 29, 2022, requesting the Court to issue an order directing prison officials to not transfer him to a different institution [ECF No. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 11] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's request to seek production of documents and depositions from third-party defendants is **DENIED** without prejudice as premature.

**IT IS FURTHER ORDERED** that the clerk is directed to provide to plaintiff with this Order four blank 'subpoena to testify at a deposition in a civil action' forms (AO 88-A) and four blank 'subpoenas to produce documents, information, or objects or to permit inspection of premises in a civil action' forms (AO 88-B).

Dated this 12th day of December, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE