# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TODD JEUDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-CV-151-SNLJ |
| ) | |
| STE. GENEVIEVE MEMORIAL ) | |
| HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Todd Jeude's motion for leave to file an amended complaint, "motion to perpetuate testimony," and "motion to reconsider request for Rule 31 limited discovery before scheduling conference Rule 16." ECF Nos. 28, 32, 35. For the following reasons, plaintiff's motion to amend his complaint will be granted, and his requests to engage in discovery will be denied as a premature at this time.

**I. Plaintiff's Motion for Leave to File an Amended Complaint**

On November 2, 2022, plaintiff filed this action pursuant to the Emergency Medical Treatment and Active Labor Act of 1986 ("EMTALA"), 42 U.S.C. § 1395dd, against Ste. Genevieve Memorial Hospital (the "Hospital"). ECF No 1. Plaintiff stated he was transported to the Hospital on September 21, 2022 after he was attacked by multiple inmates. Plaintiff alleged that although he was brought to an examination room and questions were asked of him by an attending nurse and doctor, he was ultimately denied treatment.

On November 14, 2022, this Court reviewed the complaint pursuant to 28 U.S.C. § 1915 and determined plaintiff had adequately pled an EMTALA claim at this stage of the litigation. ECF No. 4. Consequently, the Court ordered the Clerk to serve process on the sole defendant. *Id.*

On December 19, 2022, defendant Hospital filed a motion to dismiss on the basis of sovereign immunity, ECF No. 16, and a separate motion to dismiss for failure to state a claim under EMTALA, ECF No. 18. On December 28, 2022, plaintiff mailed to the Court a motion to amend his original complaint to cure his pleading deficiencies, and attached the proposed amendment to his filing. *See* ECF No. 28. Defendant subsequently filed an opposition to plaintiff's motion for leave to amend the complaint arguing the motion should not be granted because the amendment would be futile. ECF No. 34.

Federal Rule of Civil Procedure 15(a) states that a party may amend its pleading within twenty-one (21) days after service of a motion under Rule 12(b)(6) "as a matter of course," that is, *without* seeking leave of the Court. Fed. R. Civ. P. 15(a). Therefore, plaintiff could have filed an amended complaint without seeking permission. For this reason, the Court will grant plaintiff's motion for leave to file an amended complaint. The Clerk will be directed to detach and docket his amended complaint, ECF No. 28-1, from the motion for leave. Consequently, defendant's motions to dismiss will be denied as moot. *See Pure County, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). Defendant Hospital must file a responsive pleading to the amended complaint pursuant to Fed. R. Civ. P. 15(a)(3).

**II. Amended Complaint Claims against Dr. Teena Sharrock**

The amended complaint adds Dr. Teena Sharrock, M.D. as a defendant. Count I of plaintiff's amended complaint is against the Hospital pursuant to EMTALA. Count II is against Dr. Sharrock in her individual capacity pursuant to 42 U.S.C. § 1983. Dr. Sharrock is alleged to be the medical doctor who failed to treat him at the defendant Hospital. The Court has reviewed plaintiff's claims against her, and will direct the Clerk to issue process or cause process to issue upon the amended complaint against Dr. Sharrock in her individual capacity only.

The Court notes that to any extent plaintiff intends to bring an EMTALA claim against Dr. Sharrock, such a claim is not cognizable. While the EMTALA's civil enforcement provision expressly permits a private cause of action against a participating hospital, it does not expressly permit a private cause of action against an individual physician. *See* 42 U.S.C. § 1395dd(d)(2)(A) ("Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action *against the participating hospital*, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate") (emphasis added). *See also King v. Ahrens*, 16 F.3d 265, 271 (8th Cir. 1994) ("there is "no basis on which to imply a private cause of action against a physician," as "Congress expressly created a private remedy which by its plain language is limited to a private cause of action against the hospital.").

**III. Plaintiff's Motion to Perpetuate Testimony and Motion to Reconsider Prior Discovery Order**

Plaintiff has filed a motion to perpetuate testimony. ECF No. 32. Within this motion he seeks to obtain the testimony of the two deputy sheriffs who escorted him to the defendant Hospital. Plaintiff asserts their testimony would support his allegations that he was not physically examined by the doctor. Plaintiff is concerned he will be unable to take their deposition at a later time because they are no longer employed at the Ste. Genevieve Detention Center. Plaintiff also seeks the Court to reconsider its December 12, 2022 order denying his request to engage in limited discovery. ECF No. 35.

As previously explained to plaintiff in this Court's prior order, discovery is premature at this state of the litigation.[1] *See* ECF No. 12. Plaintiff requested leave to file an amended complaint,

---

[1] The Court notes that plaintiff was also attempting to engage in premature discovery in a second, now closed, case filed in this Court. *See Jeude v. City of St. Louis, Missouri, et al.*, Case No. 22-cv-989-MTS (E.D. Mo.). In that action, the Honorable United States District Judge Matthew T. Schelp instructed plaintiff that he may file requests for

which this Memorandum and Order grants. The defendant Hospital must first have the opportunity to file a responsive pleading in this matter. Also, because plaintiff has added a second defendant, that defendant must be served with the amended complaint and file a responsive pleading. Consequently, it is too early for the issuance of subpoenas, or the allowance of any limited discovery. *See Potter v. Echele*, No. 4:18-CV-148 CDP, 2018 WL 3861357, at *3 (E.D. Mo. Aug. 14, 2018) ("discovery in prisoner cases may not take place until the Court enters a case management order") (citing E.D. Mo. L.R. 5.01, 5.04). Requests for subpoenas, the production of documents, or the appointment of medical experts must be made within the confines of the Case Management Order. Plaintiff may refile his requests (in compliance with the requirements of the Court rules), after both defendants have filed their responsive pleadings and the Court has issues a Case Management Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Todd Jeude's motion for leave to file an amended complaint [ECF No. 28] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and docket plaintiff's amended complaint [ECF No. 28-1], which was submitted as an attachment to the motion to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to Dr. Teena Sharrock, M.D. in her individual capacity. Defendant Sharrock shall be served by issuance of summons and service by the U.S. Marshal's Service at 800 Ste. Genevieve Drive, Ste. Genevieve, MO 63670.

---

discovery only after defendants have filed their responsive pleadings and the Court has issued a Case Management Order. *Id.* at ECF No. 18.

**IT IS FURTHER ORDERED** that defendant Ste. Genevieve Memorial Hospital's motions to dismiss [ECF Nos. 16 and 18] are **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's Todd Jeude's motion to perpetuate testimony [ECF No. 32] is **DENIED** at this time as premature.

**IT IS FURTHER ORDERED** that plaintiff Todd Jeude's motion to reconsider request for Rule 31 limited discovery before scheduling conference Rule 16 [ECF No. 35] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Ste. Genevieve Memorial Hospital's motion to strike supplemental reply of plaintiff [ECF No. 40] is **DENIED as moot**.

Dated this 3rd day of February, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE