**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **TODD JEUDE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:22cv151 SNLJ** |
| ) | |
| **STE. GENEVIEVE MEM'L HOSP., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se lawsuit against Ste. Genevieve Memorial Hospital and

Dr. Teena Sharrock, M.D. regarding his treatment at the hospital on September 20, 2022.

Plaintiff, then in custody at the Ste. Genevieve Detention Center awaiting trial for federal

crimes, alleges he was attacked by multiple inmates and suffered stab wounds and

injuries to his right shoulder, neck, upper back, and left torso.  He claims that the

defendants refused to treat his injuries and brought claims under the Emergency Medical

Treatment and Active Labor Act of 1986 ("EMTALA"), 42 U.S.C. § 1395dd, against the

hospital and 42 U.S.C. § 1983 claims against Dr. Sharrock.

    **I.**      **Motion for Physical Examination [Doc. 92]**

Plaintiff filed a motion for physical examination pursuant to Federal Rule of Civil

Procedure 35.  That Rule provides, "the court where the action is pending may order a

party whose mental or physical condition…is in controversy to submit to a physical or

mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35.

Plaintiff provides a timeline of his medical care since September 2022 and states that he is still not getting the medical treatment he needs.  He seeks to be transferred to a "Federal facility for a physical examination."  Plaintiff contends that because defendants dispute that he had a serious medical need and that a physical examination would resolve that dispute; further, he seeks transfer to a medical facility in Springfield, Missouri to be examined by an orthopedic surgeon for his shoulder and a spine specialist.

"Although a district court, pursuant to Rule 35, may, under appropriate circumstances, order a party to submit to a physical examination at the request of an opposing party, Rule 35 does not vest the court with authority to appoint an expert to examine a party on his own motion." *Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 3820718, at *1 (E.D. Mo. July 23, 2013).  Although plaintiff suggests his is an unusual case, courts regularly deny such motions.  *Id.* (collecting cases).

In addition, plaintiff's physical condition today is not so much in question as it was the day of his hospital visit.  Plaintiff has a number of other ways to prove a serious medical need on the day of the incident and to prove his damages.

## II.    Motion to Strike [Doc. 99]

Plaintiff filed a motion to strike his own motions filed in May 2023 because he says they were filed based on plaintiff's misunderstandings.  Plaintiff apologizes for any waste of time and/or resources.  Typically, a party would seek to withdrawn his own motions, not strike them, but, regardless, it appears any such motions have been ruled upon already.  As there is no practical reason to withdraw them, the motion will be

denied as moot, in part.  As for plaintiff's request that the court send back the exhibits to

his motions that he seeks to withdraw, that request will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a Rule 35 examination [Doc. 92] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike [Doc. 99] is **DENIED** as moot, in part, and **GRANTED** as to plaintiff's request for the return of his documents related to that motion.

Dated this __18th__ day of August, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE