UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TODD JEUDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22cv151 SNLJ |
| ) | |
| STE. GENEVIEVE MEM'L HOSP., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

This matter is before the Court on plaintiff's motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b) [Doc. 111]. This Court previously closed this case after granting defendants' motion to dismiss under Rule 41, which provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Plaintiff failed to serve his initial disclosures by June 21, 2023 as required by the Case Management Order [Doc. 84]. This Court reminded plaintiff to serve his initial disclosures in its Order dated September 11, 2023 [Doc. 103]. As of November, plaintiff still had not done so. In addition, although plaintiff changed his address with the Court on August 30, 2023, that was the last time plaintiff filed anything with this Court until he filed the instant motion.

Plaintiff explains now that his case was dismissed without prejudice and closed due to his excusable neglect and that it should be reopened. He states that, although he filed this matter while in federal custody, he was released from federal Bureau of Prisons

1

custody on September 1, 2023 directly to the "street" and not into a halfway house or similar accommodation. He used his mother's address at a retirement home as a mailing address but only sporadically had a permanent address of his own despite making sincere efforts. Plaintiff struggled with steady employment, a permanent address, and pre-existing substance abuse problems for which he is now receiving treatment. He is now again in BOP custody for the next 8 to 14 months and, upon release, will be at another facility. Although his mother received Court orders after plaintiff changed his address with the Court, his mother did not understand that those communications were not duplicates and that plaintiff needed to see them. As a result, plaintiff says, his mother threw the orders away.

Defendant responds that this Court should not reopen the case because plaintiff has not demonstrated excusable neglect, particularly because plaintiff failed to serve his Rule 26 disclosures even before he was released from BOP custody. Federal Rule of Civil Procedure 60(b) allows a court to release a party from a final judgment, order, or proceeding due to reasons including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff apparently contends that his failure to advise his mother that he needed to be informed of any mail from the Court, and that his failure to otherwise check in with the progress of his case, constitutes excusable neglect. In addition, plaintiff contends that he did serve his initial disclosures along with a "settlement offer, which was never answered by the defendants." [Doc. 119 at 3.] Plaintiff did not say when he had served any such disclosures, however.

2

Ultimately, plaintiff's complaints about his mother's handling of his mail, changing residences and jobs, another lawsuit, and illegal conduct resulting in legal violations between September 2023 and March 2024 do not constitute excusable neglect. Even if plaintiff did attempt to serve his initial disclosures before dismissal of his case—and there is no proof he did—plaintiff's acts since his release from BOP custody demonstrate indifference to this lawsuit.

"Rule 60(b) relief may be afforded in only the most exceptional of circumstances." *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001). Rule 60(b) motions are viewed with disfavor and are addressed in the Court's discretion. *Houston v. Klaverkamp*, 2023 U.S. Dist. LEXIS 114899, 2023 WL 4350940, at *4 (E.D. Mo. July 5, 2023) (citing *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984)).

The term "excusable neglect" in the context of the Federal Rules of Civil Procedure is generally "'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Union Pac. R.R. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394, (1993)). However, that negligence must be accompanied by "good faith and some reasonable basis for noncompliance with the rules." *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997) (internal mark omitted).  For example, *Ivy* affirmed denial of a Rule 60(b) motion where the attorney failed to respond to a summary judgment motion, noting that "an attorney's ignorance or carelessness does not constitute 'excusable neglect.'" *Id.*  Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect. *Noah v. Bond Cold*

3

*Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (citing *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000)). Failing to file an answer or respond to motions because of a busy schedule also does not pass muster as excusable neglect. *United States v. 2005 Chrysler 300C*, 382 Fed. Appx. 531, 533 (8th Cir. 2010).

The determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Feeney v. AT&E, Inc.*, 472 F.3d 560, 562-63 (8th Cir. 2006) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993). The relevant circumstances include "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co*, 507 U.S. 380 at 395; *Fink v. Union Central Life Insurance Co*., 65 F.3d 722, 724 (8th Cir. 1995); *Treasurer v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

The most important factor is the excuse given for the delay. *Lowry*, 211 F.3d at 463. In *Feeney*, the court observed that a party's indifference to logistical matters within his "reasonable control" will likely jeopardize a finding of excusable neglect. *Feeney*, 472 F.3d at 563 (quoting *Pioneer*, 507 U.S. at 395). In *Feeney*, the defendant failed to respond to a motion for summary judgment, and consequently, the motion was granted and declaratory judgment entered. *Id*. at 562. In his Rule 60(b) motion, the defendant claimed that his failure to respond to the motion for summary judgment was due to

4

problems receiving mail. *Id*. Nevertheless, the Eighth Circuit held the District Court properly refused to grant the defendant's Rule 60(b)(1) motion to set aside the court's declaratory judgment. *Id*. at 563. The *Feeney* court noted that the defendant's "failure to make adequate plans to receive his mail for two months, at a time when he was a defendant in a pending legal proceeding, was careless to the point of indifference. Mitan's indifference to logistical matters within his 'reasonable control' weighs against him in the equitable balance." 472 F.3d at 563 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

Criminal activity and other legal violations cannot support a finding of excusable neglect because they are acts committed in bad faith. *See Rohrbough v. Hall*, 2008 WL 4722742, at *28 (E.D. Mo. October 23, 2008); *Harrah's North Kansas City, LLC*, 170 S.W.3d 466, 479 (Mo. Ct. App. 2005)). Such actions violate the "good faith" requirement of an excusable neglect finding. *See Ivy*, 115 F.3d at 552. In this case, it is clear that a good part of plaintiff's delinquency was due to his continued substance abuse and his conviction and incarceration for additional crimes during the period he should have prosecuted this case.

Looking to the other *Pioneer* factors, those, too, weigh in favor of denying plaintiff's motion. The danger of prejudice to defendants and the length of the delay and its potential impact are significant. At the time of plaintiff's motion, the case had been dormant for eight months and dismissed for four months; if the case were reopened, it will have been 10 months since plaintiff failed to serve his initial disclosures on time. Although plaintiff states that he "had no feasible way to comply or prosecute without an

5

address" [Doc. 111 at ¶ 23], plaintiff did have an address that he shared with the Court. He even acknowledges he received the Court's November 13, 2023 Order.

This Court has offered plaintiff repeated extensions and time to correct earlier errors. Plaintiff failed to comply with Court orders and then chose to abandon prosecution of his case. Plaintiff has failed to show good cause to reopen his case, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen [Doc. 111] is DENIED.

Dated this  21st  day of May, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE